A. Raymond Hamrick, III (State Bar No. 93821)
aray@hamricklaw.com
Charles C. Rainey (State Bar No. 294754)
crainey@hamricklaw.com
George Knopfler (State Bar No. 094041)
gknopfler@hamricklaw.com
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

*Attorneys for*
*POW! Entertainment, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN CELIA LEE, as Trustee for the Lee Family Survivor's Trust "A" Date October 12, 1985,<br><br>        Plaintiff,<br><br>    v.<br><br>POW! ENTERTAINMENT, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, in their individual and official capacities;<br><br>        Defendants. | Case No.: 2:19-cv-08353<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT POW! ENTERTAINMENT, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br>Hon. Judge Otis Wright<br><br>Hearing Date: January 6, 2019<br>Time: 1:30 p.m.<br>Dept.: 5-D |

/ / /

/ / /

/ / /

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on January 6, 2019, at 1:30p.m., in Courtroom 5-D of the United States District Court for the Central District of California located at 350 West 1st Street, Suite 4311, Los Angeles, California 90012-4565, before the Honorable Otis Wright, United States District Court Judge, Defendant POW! Entertainment, Inc. will move the Court for sanctions against Plaintiff Joan Celia Lee, as Trustee for the Lee Family Survivor's Trust "A" Date October 12, 1985, pursuant to Fed. R. Civ. P. 11 for filing the Complaint on the grounds that the claims and legal contentions contained therein are not warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and that Plaintiff filed the Complaint for an improper purpose. This Motion is made and based on this Notice, the Memorandum of Points and Authorities attached hereto, the pleadings and papers filed herein, including any reply papers filed by Defendants, on the oral argument that the Court may desire to consider, and on such other evidence and argument that the Court may choose to consider.

This Motion is made after repeated attempts to confer with Plaintiff's counsel pursuant to L.R. 7-3 and Fed. R. Civ. P. 11, having dispatched electronically and via certified mail a letter and copy of the following motion to counsel on November 11, 2019, and having further reached out to counsel via email and telephone on November 25 and 26, offering to hold the conference at on any time on any of three possible dates. Plaintiff's counsel refused all of dates proposed by Defendant, and then, when

1    Defendant accommodated Plaintiff's schedule by slating the conference for December

2    2, 2019 (a date counsel was purportedly available), Plaintiff's counsel cancelled just a

3    few hours before the scheduled time, now insisting he was unavailable for yet another

4    week.

5    DATED: December 3, 2019.                          Respectfully submitted,
                                                        HAMRICK & EVANS LLP
6

7                                                       By: /s/ Charles C. Rainey
                                                        Charles C. Rainey
8                                                       Attorney for Defendant
                                                        POW! Entertainment, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**Table of Contents**

I.     INTRODUCTION ..................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND .......................................... 3

    A.  The 1998 Agreement. ................................................................. 3

    B.  The Conversion from Stan Lee Entertainment to Stan Lee Media. ........................ 4

    C.  Peter Paul's Illegal Activities and the Demise of Stan Lee Media. ....................... 5

    D.  Stan Lee's Termination of the 1998 Agreement. .......................................... 5

    E.  The Formation and Operation of POW! Entertainment. ................................. 6

    F.  Peter Paul's Insatiable Appetite for Frivolous and Duplicative Litigation. .......... 7

III.   APPLICABLE LAW AND ARGUMENT ..................................................... 10

    A.  The Present Case Is Frivolous Because Each And Every Claim Is Barred By The Doctrines Of Res Judicata And Collateral Estoppel. ............................... 13

    B.  The Present Case Was Brought For The Improper Purpose Of Garnering Negative Publicity Against The Defendant And Its Management. .............................. 16

    C.  The Appropriate Measure Of Sanctions In This Case, Given The Willful Nature Of The Violations And The Plaintiff's Financial Status, Should Be No Less Than Five Million Dollars. ................................................................. 20

IV.    CONCLUSION ................................................................................... 22

# Table of Authorities

## *Cases*

*Abadin v. Marvel Entertainment, Inc.*,
No. 09 Civ. 0715 (PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) .... 1, 4, 9, 14

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc*.,
498 U.S. 533 (1991) ................................................................................. 20, 21

*Buster v. Greisen*,
104 F.3d 1186 (9th Cir. 1997) ........................................................................ 12

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ........................................................................................ 20

*Disney Enterprises, Inc. v. Entertainment Theatre Group*, No. CIV.A.,
13-5570, 2014 WL 5483487 (E.D. Pa. 2014) ................................... 2, 10, 15

*Frank v. United Airlines, Inc.*,
216 F.3d 845 (9th Cir.2000) ........................................................................... 13

*G.C. & K.B. Invs., Inc. v. Wilson*,
326 F.3d 1096 (9th Cir. 2003) ........................................................................ 11

*Hatchitt v. United States*,
158 F.2d 754 (9th Cir. 1946) .......................................................................... 14

*Hudson v. Moore Business Forms, Inc.*,
836 F.2d 1156 (9th Cir. 1987) ........................................................................ 17

*In re Grantham Bros.*,
922 F.2d 1438 (9th Cir. 1991) ........................................................................ 17

*Kaffaga v. Estate of Steinbeck*,
938 F.3d 1006 (9th Cir. 2019) ........................................................................ 13

*Lee v. Marvel Enterprises, Inc.*,
765 F. Supp. 2d 440 (S.D.N.Y. 2011) ................................................... 1, 9, 15

*Lorentzen v. Anderson Pest Control*,
64 F.3d 327 (7th Cir. 1995) ............................................................................ 21

*Maciosek v. Blue Cross & Blue Shield*,
(7th Cir. 1991) 930 F2d 536 ........................................................................... 12

*Mir v. Little Co. of Mary Hosp.*,
844 F2d 646 (9th Cir. 1988) ........................................................................... 12

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) .......................................................................... 13

*Paciulan v. George*,
38 F. Supp. 2d 1128 (N.D. Cal. 1999) ............................................................ 17

*Pannonia Farms, Inc. v. Re/Max Int'l, Inc*.,
407 F.Supp.2d 41 (D.D.C.2005) ................................................................. 2, 16

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

*Roundtree v. United States*,
  (9th Cir. 1994) 40 F3d 1036 ............................................................................ 13

*Stan Lee Media Inc. v. Lee*,
  No. 2:07-CV-00225-SVW, 2012 WL 4048871 (C.D. Cal. 2012) .............. 6, 8, 9, 14

*Stan Lee Media, Inc. v. Lee*,
  585 F. App'x 597 (9th Cir. 2014) ................................................................ 1, 15

*Stan Lee Media, Inc. v. Walt Disney Co.*,
  774 F.3d 1292 (10th Cir. 2014) ........................................................................ 1

*Stan Lee Media, Inc. v. Walt Disney Co.*,
  No. 12-CV-2663-WJM-KMT, 2013 WL 4776026 (D. Colo. Sept. 5, 2013) . 1, 6, 10, 14

*Stan Lee Media, Inc. v. Walt Disney Company*,
  No. 12-CV-2663-WJM-KMT, 2014 WL 3767191 (D. Colo. July 31, 2014) 2, 10, 16

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1991) ...................................................................... 12

*U.S. v. Paul*,
  No. 2:01-cr-00636, Doc. 116, Superseding Indictment, 2004 WL 5745186
  (E.D.N.Y., Aug 2, 2004) ...................................................................... 5, 6, 18

*Warren v.Guelker*,
  29 F.3d 1386 (9th Cir. 1994) .................................................................. 12, 21

*Welk v. GMAC Mortg., LLC*,
  (8th Cir. 2013) 720 F3d 736 ........................................................................ 12

*Western Radio Servs. Co. v. Glickman*,
  123 F.3d 1189 (9th Cir.1997) ...................................................................... 13

*Zaldivar v. City of Los Angeles*,
  780 F.2d 823 (9th Cir. 1986) .................................................................. 11, 12

**Statutes**

Cal. Labor Code § 2855(a) ............................................................................ 8, 9, 14

**Rules**

9th Cir. R. 36-3 ................................................................................................ 13

FED. R. CIV. P. 11 ....................................................................... 1, 11, 12, 22, 23

COMES NOW Defendant POW! ENTERTAINMENT, INC. ("POW!") and hereby moves this Court for entry of an Order of sanctions against Plaintiff, JOAN CELIA LEE ("JC Lee"), pursuant to Fed. R. Civ. P. 11(b) and in support thereof, state as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff has brought the present frivolous suit for the improper purpose of eliciting negative press against the Defendant and its management. The present case purports to seek the enforcement of contractual rights allegedly founded under a 1998 employment agreement between Stan Lee and Stan Lee Entertainment, Inc. (the "**1998 Agreement**"). The entire Complaint hinges upon the enforcement of that 1998 Agreement.  However, the 1998 Agreement was conclusively found to be unenforceable by the United States District Court for the Southern District of New York as well as multiple other federal courts. *Abadin v. Marvel Entertainment, Inc.*, No. 09 Civ. 0715 (PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) (holding 1998 Agreement was terminated by Stan Lee in 2001 and the statute of limitations to challenge that termination had lapsed, and further finding that the 1998 Agreement, if not expressly terminated, expired in 2005 pursuant to *Cal. Labor Code* § 2855a) (appeal dismissed for failure to prosecute *Abadin v. Marvel Entertainment, Inc.,* No. 10–1717 (2d Cir. 2010)); *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-CV-2663-WJM-KMT, 2013 WL 4776026 (D. Colo. Sept. 5, 2013), *aff'd*, 774 F.3d 1292 (10th Cir. 2014); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (*quoting Stan Lee Media, Inc. v. Lee*, 585 F. App'x 597, 598 (9th Cir. 2014)); *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 446-448

NOTICE OF MOTION AND DEFENDANT'S MOTION FOR SANCTIONS

HAMRICK & EVANS, LLP

(S.D.N.Y. 2011), aff'd, 471 F. App'x 14 (2d Cir. 2012); *Disney Enterprises, Inc. v. Entertainment Theatre Group*, No. CIV.A. 13-5570, 2014 WL 5483487, at \*9 (E.D. Pa. 2014); *Stan Lee Media, Inc. v. Walt Disney Company*, No. 12-CV-2663-WJM-KMT, 2014 WL 3767191, at \*2 (D. Colo. July 31, 2014) citing *Pannonia Farms, Inc. v. Re/Max Int'l, Inc*., 407 F.Supp.2d 41, 46 (D.D.C.2005); *see also* Defendant's Request for Judicial Notice filed concurrently herewith (hereafter "RJN"), Exhibits "**A**" through "**I**," inclusive.

Indeed, the enforceability of that 1998 Agreement was the subject of no fewer than five federal lawsuits, all of which ultimately held the agreement to be unenforceable. *Id*. Moreover, the 2nd, 9th, and 10th Circuit Courts of Appeal have all affirmed District Court decisions finding the 1998 Agreement unenforceable. *Id*. **This very Court, the Central District of California, has already held that the claims presented in the Complaint are barred under the doctrine of *res judicata*.** *Id*.

The issues and claims raised in this case have all been vociferously litigated and relitigated *ad nauseam*. To bring these legally unjustifiable claims before this Court again, after they have been struck down so many times before, is a grossly selfish and inconsiderate waste of this Court's time and resources. Litigation is not a game. The federal courts are not a vehicle for litigants to harass others by filing frivolous claims which wholly lack any conceivable merit under the existing facts or law.

As such, movant POW! Entertainment, Inc. respectfully requests that this Court sanction Plaintiff and her counsel pursuant to Fed. R. Civ. P. 11 in an amount reasonably calculated to deter Plaintiff's future abuse of this Court's resources. Furthermore, movant recommends that the award of sanctions be substantial, taking into account the

HAMRICK & EVANS, LLP

1  egregious nature of the Rule 11 violations committed by the Plaintiff and her counsel

2  and considering the Plaintiff's considerable financial resources.

3  **II.      FACTUAL AND PROCEDURAL BACKGROUND**

4      On September 26, 2019, Plaintiff filed her complaint in the present case, its

5  claims based entirely upon a contract from 1998, between Stan Lee and Stan Lee

6  Entertainment, Inc. – (i) a contract that the Plaintiff has no standing to enforce, (ii) a

7  contract that does not even address or concern the rights Plaintiff is trying to assert, and

8  (iii) a contract that has been fully and finally adjudicated by this Court, and at least

9  three other federal courts, as legally unenforceable.  Even setting aside the obvious fact

10 that all of the Plaintiff's claims are barred by the applicable statutes of limitations, each

11 and every one of the Plaintiff's claims, having been previously dismissed by this and

12 other courts, are barred by the doctrines of *res judicata* and collateral estoppel.

13     **A. THE 1998 AGREEMENT.**

14     On October 13, 1998, the legendary comic book writer, editor, and publisher,

15 Stan Lee, in conjunction with his then-associate Peter Paul, incorporated a Delaware

16 company known at the time as Stan Lee Entertainment, Inc. ("**SLE**"). *See* Comp., ¶14.

17 At that time, Stan Lee entered into an employment agreement with this new entity (the

18 "**1998 Agreement**"), in which Stan Lee agreed to serve as "Chairman, Publisher, and

19 Chief Creative Officer," in exchange for an annual salary of $250,000 plus bonuses

20 and fringe benefits. See Employment Agreement, at ¶¶ 2-3, RJN, Exhibit "**O**." The

21 1998 Agreement included, as is customary with such employment agreements, a

22 provision whereby Stan Lee assigned to the company the intellectual property rights

23 associated with any works he might create while in the company's employ. *Id*. at ¶ 4.

HAMRICK & EVANS, LLP

While the term of the 1998 Agreement was specified as the remainder of Stan Lee's lifetime, a federal court later ruled that, since it was a personal service contract governed by California law, its term was statutorily limited to seven (7) years. *Abadin v. Marvel Entertainment, Inc.*, No. 09 Civ. 0715 (PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) (holding 1998 Agreement was terminated by Stan Lee in 2001 and statute of limitations to challenge termination lapsed, and further holding 1998 Agreement, if not expressly terminated, expired in 2005 pursuant to Cal. Labor Code § 2855a) (appeal dismissed for failure to prosecute *Abadin v. Marvel Entertainment, Inc.*, No. 10–1717 (2d Cir. 2010)); See also *Id* at ¶ 1. As noted by the court, "[t]here can be no attempt to enforce this contract beyond the statutory term." *Id*.

## B. THE CONVERSION FROM STAN LEE ENTERTAINMENT TO STAN LEE MEDIA.

Just a few months after forming SLE, on January 14, 1999, Peter Paul founded another Delaware corporation, Stan Lee Media, Inc. ("**SLMI (DE)**"), which he later merged with SLE on April 14, 1999. Then, just a few months later, Stan Lee and Peter Paul took control of an existing publicly traded Colorado corporation, then named Boulder Capital Opportunities, Inc., later renaming it as "Stan Lee Media, Inc." ("**SLMI (CO)**"). *See* Form SC14F1, filed on behalf of Boulder Capital Opportunities, Inc., dated June 28, 1999, RJN, Exhibit "**P**". (SLMI (CO) and SLMI (DE) shall be collectively referred to herein as "**SLMI**"). *See* 8-K of Boulder Capital Opportunities, Inc. dated July 23, 1999, RJN, Exhibit "**Q**."

///

HAMRICK & EVANS, LLP

### C. PETER PAUL'S ILLEGAL ACTIVITIES AND THE DEMISE OF STAN LEE MEDIA.

Peter Paul, with the aid of a handful of shareholders, hatched an illegal scheme to prop-up the stock price of SLMI while borrowing millions against the stock, effectively stripping all value out of the company for his own personal gain while concealing this loss from the public markets. *U.S. v. Paul*, No. 2:01-cr-00636, Doc. 116, Superseding Indictment, 2004 WL 5745186 (E.D.N.Y., Aug 2, 2004). *See* RJN, Exhibit "**J**." As a direct result of Peter Paul's illegal conduct, SLMI was forced into bankruptcy on February 16, 2001.

While Plaintiff's Complaint makes the conclusory and wholly unsupported claim that the demise of SLMI was somehow the result of deliberate bad business decisions in the midst of the dot.com crash, the true cause of the company's demise is well documented. *See e.g., Id* at ¶ 13 ("By borrowing on margin, Paul and Stephen M. Gordon, with the assistance of Jonathan Gordon and Pittsburg, effectively liquidated large blocks of the stock without actually selling the stock into the market."). Peter Paul, despite having fled to Brazil to evade arrest, was eventually brought into custody, charged, pleaded guilty, and was sentenced to ten (10) years in federal prison. *U.S. v. Paul*, No. 2:01-cr-00636, Doc. 232, Judgment (E.D.N.Y., Jun. 26, 2009). *See* RJN, Exhibibt "**K**."

### D. STAN LEE'S TERMINATION OF THE 1998 AGREEMENT.

"In January 2001 [before SLMI filed for bankruptcy] Lee wrote to SLMI claiming SLMI was in complete breach of the salary and benefit provisions, *inter alia*, of the 1998 agreement so that he was justified in terminating the agreement." *Abadin*

HAMRICK & EVANS, LLP

at *6.  While various parties, acting on behalf of SLMI, tried years later to argue that Stan Lee's termination of the 1998 Agreement was somehow improper, those arguments were all foreclosed by the ruling of the Southern District of New York, in which the Court held the statute of limitations to challenge Lee's termination of the 1998 Agreement had run as of 2005. *Id*. **That court holding was then later cited by this Court, in its ruling that the enforceability of the 1998 Agreement (or lack thereof) had been fully and finally adjudicated on the merits, thereby precluding further claims in relation thereto under the doctrine of *res judicata*.** *Stan Lee Media Inc. v. Lee*, No. 2:07-CV-00225-SVW, 2012 WL 4048871, at *3 (C.D. Cal. 2012), *aff'd*, 585 F. App'x 597 (9th Cir. 2014), See RJN, Exhibit **"D"**. Then, both of the foregoing court rulings were cited by the District of Colorado, when it later held that further efforts to enforce the 1998 Agreement were barred by the doctrine of Collateral Estoppel. *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-CV-2663-WJM-KMT, 2013 WL 4776026 (D. Colo. Sept. 5, 2013), *aff'd*, 774 F.3d 1292 (10th Cir. 2014).

### E.  THE FORMATION AND OPERATION OF POW! ENTERTAINMENT.

On November 8, 2001, nearly ten months after terminating his relationship with SLMI, Stan Lee partnered with Gill Champion and Arthur Lieberman, to form POW! Entertainment, LLC ("POW!").  Per the operating agreement of POW! and a concurrently executed "Membership Purchase and Employment Agreement," as his capital contribution to POW!, Stan Lee assigned to POW! a host of intellectual property rights, including, but not limited to, rights in his name and likeness, as well as rights in any writings he created from that date forward.

HAMRICK & EVANS, LLP

Over the next seventeen (17) years, Stan Lee would assign rights in his name and likeness to POW! on multiple occasions. *See* Compl. ¶ 18 (noting that Stan Lee assigned and re-assigned to POW! rights in his name and likeness on "no less than 6 occasions"). While some of these assignments were generally worded, others expressly included posthumous rights to Stan Lee's name, likeness, signature, voice, and unique personal characteristics, as well as granting to POW! all copyrights in Lee's writings from 2001 onward. Also, in 2006, 2007, 2008, and 2011, Stan Lee executed multiple consents of use to be filed with the United States Trademark and Patent Office ("USPTO"), specifically granting to POW! the right to use Stan Lee's name and signature in commerce and register the corresponding trademarks. *See* Consent to Use, RJN, Exhibit "**L**".

## F. PETER PAUL'S INSATIABLE APPETITE FOR FRIVOLOUS AND DUPLICATIVE LITIGATION.

Starting in 2007, Peter Paul orchestrated a series of court cases and other related legal actions in an effort to resuscitate the 1998 Agreement – all of which failed:

1. On July 9, 2007, SLMI filed suit against Stan Lee and POW! Entertainment, LLC in this very Court, the Central District of California, seeking to revive the 1998 Agreement by alleging what were essentially the same claims as those presented by Plaintiff in the present case.

2. On January 26, 2009, SLMI shareholders Jose Abadin and Christopher Belland filed suit derivatively on behalf of SLMI in the Southern District of New York against Marvel Entertainment, Inc., seeking to enforce the 1998 Agreement and alleging that, under the 1998 Agreement, SLMI owned rights in a Stan

HAMRICK & EVANS, LLP

Lee's name and likeness as well as a host of Marvel properties.

3. On July 26, 2010, SLMI moved to intervene in the case of *Stan Lee v. Marvel Entertainment*, once again asserting rights under the 1998 Agreement. *See* RJN, Exhibit **"M".**

4. On October 9, 2012, SLMI filed yet another suit, this time in the District of Colorado, seeking to enforce its purported rights under the 1998 Agreement against Walt Disney Company.

5. On January 7, 2014, SLMI filed a motion to intervene in the case of *Disney Enterprises, Inc. v. Entertainment Theater Group*, again claiming that it had rights to certain intellectual properties under the 1998 Agreement. See RJN, Exh, **"N"**.

While Peter Paul was not a direct litigant in any of these lawsuits, it was widely acknowledged and understood that he was the chief architect of the litigation. *See e.g., Abadin*, at *5 n. 4; *see also Stan Lee Media Inc. v. Lee,* No. 2:07-CV-00225-SVW, 2012 WL 4048871, at *5 (C.D. Cal. Aug. 23, 2012), aff'd on other grounds, 585 F. App'x 597 (9th Cir. 2014).

Predictably, each and every one of the foregoing lawsuits ended badly for SLMI, Paul, and its related parties.  The Courts repeatedly struck down SLMI's claims and found the 1998 Agreement to be wholly unenforceable:

1. First, in the case of *Abadin v. Marvel* before the Southern District of New York, Judge Paul Crotty found that (1) the 1998 Agreement was terminated by Stan Lee in 2001, and the statutory period in which to challenge that termination had lapsed; and (2) even if it hadn't been terminated in 2001, as a personal service contract, it would have expired by its own terms by 2005, pursuant to Cal. Labor Code § 2855(a).

HAMRICK & EVANS, LLP

*Abadin v. Marvel Entertainment, Inc.*, No. 09 Civ. 0715 (PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) (holding 1998 Agreement was terminated by Stan Lee in 2001 and the statute of limitations to challenge that termination had lapsed, and further finding that the 1998 Agreement, if not expressly terminated, expired in 2005 pursuant to *Cal. Labor Code* § 2855(a) (appeal dismissed for failure to prosecute *Abadin v. Marvel Entertainment, Inc.,* No. 10–1717 (2d Cir. 2010)). While Abadin and the other plaintiffs initially sought to appeal Judge Crotty's decision, the appeal was ultimately dismissed for failure to prosecute. *Abadin v. Marvel*, No. 10–1717 (2d Cir. Dec. 29, 2010).

2.     Then, in the case of *Stan Lee v. Marvel*, also before the Southern District of New York, Judge Robert Sweet again held that the 1998 Agreement was unenforceable, citing Judge Crotty's opinion in the *Abadin* case as a final judgment on the merits, thereby rendering the matter *res judicata*. *Lee v. Marvel*, 765 F. Supp. 2d 440, 456 (S.D.N.Y. 2011), aff'd, 471 F. App'x 14 (2d Cir. 2012). This time, SLMI appealed to the Second Circuit, where the lower court's decision was affirmed. *Id*.

3.     Then, in the case of *SLMI v. Lee*, before this Court, the Central District of California, Judge Stephen Wilson also found that the *Abadin* decision had fully adjudicated SLMI's claims under the 1998 Agreement, thereby rendering the matter *res judicata*. *Stan Lee Media Inc. v. Lee*, No. 2:07-CV-00225-SVW, 2012 WL 4048871, at *4 (C.D. Cal. Aug. 23, 2012), aff'd on other grounds, 585 F. App'x 597 (9th Cir. 2014). Again, SLMI appealed, this time to the Ninth Circuit, and again the decision was affirmed. *Stan Lee Media v. Lee*, 585 F. App'x 597, 598 (9th Cir. 2014).

4.     Then, in the case of *SLMI v. Disney*, before the District of Colorado,

HAMRICK & EVANS, LLP

Judge William Martinez, noting the prior court decisions, held that SLMI's claims under the 1998 Agreement were barred by the doctrine of collateral estoppel. *Stan Lee Media v. Walt Disney Co.*, No. 12-CV-2663-WJM-KMT, 2013 WL 4776026, at *4 (D. Colo. Sept. 5, 2013), aff'd, 774 F.3d 1292 (10th Cir. 2014). Again, SLMI appealed, this time to the Tenth Circuit, and again the decision was affirmed. *Stan Lee Media. v. Walt Disney Co.*, 774 F.3d 1292 (10th Cir. 2014).

5. Then, in the case of *Disney v. Entertainment Theater Group*, before the Eastern District of Pennsylvania, Judge Jeffrey Schmehl, also noting the many prior decisions on the issue, sided with the opinion of Judge Martinez in the District of Colorado, finding that SLMI's claims under the 1998 Agreement were barred under the doctrine of collateral estoppel. *Disney Enterprises, Inc. v. Entm't Theatre Grp.*, No. CIV.A. 13-5570, 2014 WL 5483487, at *5 (E.D. Pa. Oct. 30, 2014).

Time and again, SLMI, under Paul's direction, sought to resurrect the 1998 Agreement, and each and every time the Court struck down such efforts with increasing forcefulness – even going so far as to specifically label the claims as "frivolous." *Stan Lee Media v. Walt Disney Co.*, No. 12-CV-2663-WJM-KMT, 2014 WL 3767191, at *2 (D. Colo. July 31, 2014). Now, in the present case, Plaintiff seeks to once again resurrect these previously adjudicated claims.

## III.   APPLICABLE LAW AND ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure provides the Court with the authority to impose sanctions on any person who signs and presents to the Court a pleading, motion or other paper that is either "frivolous" or is filed for an "improper

HAMRICK & EVANS, LLP

purpose." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). Rule 11 states, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

If this certification requirement is violated, then "the court may impose an appropriate sanction upon the parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Civ. P. 11(c).

The Ninth Circuit has held that, under Rule 11, the imposition of sanctions for either "frivolousness" or an "improper purpose" does not require a finding of subjective bad faith by the signer of the paper. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986), overruled on other grounds, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). Rather, Rule 11 demands only that such inquiries be measured against

HAMRICK & EVANS, LLP

an objective standard of reasonableness. *Zaldivar*, 780 F.2d at 829; see also *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991).

A claim is "frivolous" if it is "'both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (quoting Townsend, 929 F.2d at 1362). Put another way, a frivolous claim is one that is "legally unreasonable, or without legal foundation." *Zaldivar*, 780 F.2d at 831. Under Rule 11(b)(2), the filing attorney or party filing in proper person is required to conduct a reasonable inquiry into the legal underpinnings of their claims before signing a complaint. *See* Fed. R. Civ. Pro. 11(b) advisory committee's note ("[Subdivision b requires] attorneys and pro se litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents, and prescribing sanctions for violation of these obligations"); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[Rule 11(b) ] explicitly applies to parties not represented by attorneys").

The Ninth Circuit has held that where, as here, a Plaintiff brings claims clearly barred by the applicable statute of limitations, in the absence of some legally cognizable justification, such claims are inherently frivolous. *Mir v. Little Co. of Mary Hosp.* 844 F2d 646, 653 (9th Cir. 1988).  Furthermore, in cases such as the one at bar, where parties assert the same or substantially similar claims as those previously decided in other cases, Rule 11 sanctions are proper. *Maciosek v. Blue Cross & Blue Shield* (7th Cir. 1991) 930 F2d 536, 542; *Welk v. GMAC Mortg., LLC* (8th Cir. 2013) 720 F3d 736, 738-739. This also applies to lawyers who repeatedly file claims that have been rejected

HAMRICK & EVANS, LLP

1   as unwarranted by law in other lawsuits on behalf of different clients. *Roundtree v.*

2   *United States* (9th Cir. 1994) 40 F3d 1036, 1040.

3   **A. THE PRESENT CASE IS FRIVOLOUS BECAUSE EACH AND EVERY CLAIM IS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL.**

4

5   Plaintiff should be sanctioned for squandering the time and resources of this

6   court on a case in which each and every claim is predicated upon the same contract that

7   this Court, as well as several other courts, has already to be unenforceable.  Plaintiff's

8   entire case is barred under the doctrines of *res judicata* and collateral estoppel.

9   "Res judicata, also known as claim preclusion, bars litigation in a subsequent

10  action of any claims that were raised or could have been raised in the prior action."

11  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*quoting*

12  *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)). The

13  doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment

14  on the merits, and (3) identity or privity between parties." *Id*. Moreover, "[t]he central

15  criterion in determining whether there is an identity of claims between the first and

16  second adjudications is 'whether the two suits arise out of the same transactional

17  nucleus of facts.'" *Id*. at 714 (*quoting Frank v. United Airlines, Inc.*, 216 F.3d 845, 851

18  (9th Cir.2000)).  Additionally, "[w]hether a prior disposition is published or

19  unpublished is of no consequence—unpublished decisions have the same preclusive

20  effect." *Kaffaga v. Estate of Steinbeck*, 938 F.3d 1006, 1013 (9th Cir. 2019) (*citing* 9th

21  Cir. R. 36-3). "The doctrine of *res judicata* rests upon the ground that the party to be

22  affected, or some other with whom he is in privity, has litigated, or had an opportunity

23  to litigate, the same matter in a former action in a court of competent jurisdiction, and

HAMRICK & EVANS, LLP

should not be permitted to litigate it again to the harassment and vexation of his opponent." *Hatchitt v. United States*, 158 F.2d 754, 757 (9th Cir. 1946).

Here, Plaintiff openly asserts that she in privity with the parties to the 1998 Agreement, not only asserting that she is the successor in interest to the late Stan Lee, but also asserting that she has "joined forces with . . . Stan Lee Entertainment," as she seeks declaratory relief under the 1998 Agreement. (Compl. ¶¶ 20, 39-60). However, this very Court has already ruled that Plaintiff's claims are barred by the doctrine of *res judicata. See Stan Lee Media Inc. v. Lee*, No. 2:07-CV-00225-SVW, 2012 WL 4048871, at *3 (C.D. Cal. Aug. 23, 2012), *aff'd*, 585 F. App'x 597 (9th Cir. 2014). In the case of *Stan Lee Media, Inc. v. Stan Lee*, this Court expressly ruled that the enforceability of the 1998 Agreement was barred by the doctrine of *res judicata. Id.* Specifically, this Court noted that the Southern District of New York, in the case of *Abadin v. Marvel*, already issued a ruling on the merits, finding: (1) the 1998 Agreement was terminated by Stan Lee in 2001, and the statutory period in which to challenge that termination had lapsed; and (2) even if it hadn't been terminated in 2001, as a personal service contract, it would have expired by its own terms by 2005 per California Labor Code Section 2855(a). *Abadin v. Marvel Entm't, Inc.*, No. 09 Civ. 0715(PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010). As stated by the *Abadin* Court, "[t]here can be no attempt to enforce this contract beyond the statutory term." *Id.* at 6.

Moreover, this Court is not alone in finding that the basis for Plaintiff's was barred by the doctrines of preclusion. *See Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-CV-2663-WJM-KMT, 2013 WL 4776026 (D. Colo. Sept. 5, 2013) (dismissing the

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

1    issue of the 1998 Agreement's enforceability on grounds of collateral estoppel as it had

2    been previously decided on its merits by multiple courts), *aff'd*, 774 F.3d 1292, 1299

3    (10th Cir. 2014) (*quoting Stan Lee Media, Inc. v. Lee*, 585 F. App'x 597, 598 (9th Cir.

4    2014)) (stating the claims predicated on rights in the 1998 Agreement were "simply

5    implausible"). Additionally, in a second case before the Southern District of New York,

6    SLMI, intervening into a previously settled case between Stan Lee and Marvel

7    Enterprises, attempted to enforce purported rights under the 1998 Agreement, making

8    the same legal arguments raised in the prior cases, *which are the same legal arguments*

9    *made by Plaintiff in the Complaint*. See *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp.

10    2d 440, 446-448 (S.D.N.Y. 2011), aff'd, 471 F. App'x 14 (2d Cir. 2012).

11    Not to be dissuaded, SLMI sought to intervene and resuscitate rights under the

12    1998 Agreement in yet another case, this time before the Eastern District of

13    Pennsylvania. There too, the court found that the intervener's efforts to assert rights

14    under the 1998 Agreement were precluded under the doctrine of *res judicata*, stating

15    "the Court is easily satisfied that the claims clearly deal with the same subject matter,

16    and it would be unfair to the winning party and an unnecessary burden on the courts to

17    allow repeated litigation of the same issue in what is essentially the same controversy."

18    *Disney Enterprises, Inc. v. Entm't Theatre Grp.*, No. CIV.A. 13-5570, 2014 WL

19    5483487, at *6-9 (E.D. Pa. Oct. 30, 2014) (internal quotations omitted).

20    In addition to the foregoing courts decisively finding that Plaintiff's claims are

21    barred by the doctrines of *res judicata* and collateral estoppel, the District Court of

22    Colorado also found that they are patently *frivolous*. In deciding a motion for attorney's

23    fees, that court specifically found the assertion of rights under the 1998 Agreement to

NOTICE OF MOTION AND DEFENDANT'S MOTION FOR SANCTIONS

be frivolous, stating, "The Court finds that it was objectively unreasonable for [SLMI] to pursue its copyright claims under the 1998 Agreement after three District Courts had previously found that it had no basis for asserting ownership of any of the claimed copyrights." *Stan Lee Media, Inc. v. Walt Disney Company*, No. 12-CV-2663-WJM-KMT, 2014 WL 3767191, at *2 (D. Colo. July 31, 2014) (citing *Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F.Supp.2d 41, 46 (D.D.C.2005)).

The claims raised in Plaintiff's Complaint have been litigated and re-litigated *ad nauseam*. Attempting to bring such claims again, after being struck down numerous times by prior courts, including this very Court, is a gross waste of judicial time and resources. This is particularly true in light of the fact that Plaintiff's Complaint is devoid of any argument whatsoever for extending, modifying, or reversing existing law or for establishing new law, as required by Rule 11. The federal courts are not a vehicle for litigants to harass others by filing frivolous claims that wholly lack any conceivable merit under the existing facts or law. Accordingly, this Court should sanction Plaintiff under Rule 11 for filing the Complaint predicated on rights arising under the 1998 Agreement, which has been held by multiple courts to be unenforceable and barred by *res judicata*.

## B. THE PRESENT CASE WAS BROUGHT FOR THE IMPROPER PURPOSE OF GARNERING NEGATIVE PUBLICITY AGAINST THE DEFENDANT AND ITS MANAGEMENT.

This Court should further sanction Plaintiff for filing the Complaint in furtherance of the improper purpose of garnering negative publicity against the Defendant and its management.

Examples of an "improper purpose" include motives "such as to harass, cause

HAMRICK & EVANS, LLP

unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b)(1).  Moreover, a finding of "improper purpose" is determined upon a review of the facts and law; an "improper purpose" can be deduced where there is no legal or factual basis for a claim. *Paciulan v. George*, 38 F. Supp. 2d 1128 (N.D. Cal. 1999). The frivolous and improper purpose prongs of Rule 11 overlap, and "'evidence bearing on frivolousness... will often be highly probative of purpose.'" *In re Grantham Bros.*, 922 F.2d 1438, 1443 (9th Cir. 1991) (citation omitted). Groundless claims brought for the purpose of harassment justify Rule 11 sanctions. See *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).

Here, the claims in Plaintiff's Complaint are predicated on rights arising under the 1998 Agreement, which has been held by multiple courts to be unenforceable and barred by the doctrines of *res judicata* and collateral estoppel. The advancement of such claims is not for proper adjudication on the merits, but rather, to generate adverse publicity for the Defendant and to smear the reputations of POW! and its president, Gill Champion.

This, particularly in light of the frivolousness of Plaintiff's claims, is evidenced by its numerous immaterial, unfounded factual allegations – most of which appear to serve no purpose other than to provide scandalous accusations against POW! and its management.[1] Plaintiff alleges that Gill Champion and a former founder of POW!, Arthur Lieberman, joined together to "engineer the financial collapse of [SLMI] through a series of financing guaranteed to collapse the company's stock so that the

---

[1] The demonstrably false accusations are so voluminous that Defendant can only focus on a few particularly egregious fabrications in this Motion.

HAMRICK & EVANS, LLP

company could be placed into Chapter 11 Bankruptcy protection" and thereby enabling them to "loot the assets of Stan Lee Entertainment, a/k/a Stan Lee Media, and enrich themselves at the expense of Stan Lee, the creditors and shareholders." (Compl. ¶¶ 16, 32).

However, in reality, it is a well-documented fact that the demise of SLMI is attributable to the criminal acts of the company's co-founder, Peter Paul, and certain co-indicted conspirators. *USA v. Peter Paul, Stephen M. Gordon, Jeffrey Pittsburg, Charles Kusche and Jonathan Gordon, Defendants*., 2004 WL 5745186 (E.D.N.Y.) (detailing that Peter Paul, *et. al.*, engaged in a scheme that involved borrowing funds on margin, effectively liquidating large blocks of SLMI stock while manipulating the stock price to conceal the downward pressure that this liquidation would have otherwise placed on the stock price). Plaintiff also claims that the action is brought to "expose manifold frauds visited upon Stan Lee from 2001 through 2018 by Defendant, its CEO Gill Champion and a range of unsavory characters[.]" (Compl. ¶ 20).

And yet, the Complaint fails to even bring a cause of action for fraud against POW! or provide any facts to corroborate such a conclusory and unsupported statement. Plaintiff goes on to state, "In June, 2019, it was revealed in multiple media outlets in China and around the world, with the arrest and jailing of Vivian Lo, the Founder and Chairman of Camsing International, the current alleged and erstwhile parent of POW!, that Lo and Camsing, aided by Champion, have been engaged over the last three years in a massive $1.2 billion finance fraud." (Compl. ¶ 38). In actuality, no news outlet implicated POW! or Mr. Champion in any criminal conduct whatsoever. The only accusation of criminality was from Plaintiff's own defamatory press release

HAMRICK & EVANS, LLP

self-servingly issued in early August of 2019. Gene Maddaus, *Stan Lee's Daughter Seeks to Cut Ties With Camsing International*, Variety (Aug. 7 2019), https://variety.com/2019/biz/news/stan-lees-daughter-camsing-pow-entertainment-1203295458/.

Furthermore, Plaintiff purports that Stan Lee assigned to SLMI in the 1998 Agreement a "perpetual and unconditional assignment of every imaginable creator right he owned or would own in the future, along with the exclusive rights to his name and likeness." Compl. ¶¶ 14, 26-27, 39. This, once again, is demonstrably untrue as the alleged assignment was not unconditional, was not perpetual, was not irrevocable, and was limited only to those works "disclosed in writing to, published, merchandised, advertised and/or licensed by [SLMI]." See RJN, Exhibit **"O"**. Moreover, the 1998 Agreement, by its own terms, was conditioned upon Lee receiving a regular salary (which ceased in 2001) and, furthermore, it excluded any posthumous rights. *Id.*

Finally, Plaintiff alleges that "the most glaring unscrupulous activity was falsely claiming the IP rights to Stan Lee's IP." Compl. ¶ 37. Plaintiff advances such allegation notwithstanding that the Complaint acknowledges that Stan Lee specifically assigned his intellectual property rights to POW! "on no less than 6 occasions." Compl. ¶ 18.

Considering the foregoing, coupled with the fact that Plaintiff promptly alerted the media on September 27, 2019, only one day after filing the Complaint on September 26, 2019, but has yet to serve Defendant after more than a month, it is clear Plaintiff's purpose in bringing this frivolous action was merely to harass POW! and its management. Eriq Gardner, *Stan Lee's Daughter Sues to Reclaim His Intellectual Property*, The Hollywood Reporter (Sept. 27 2019),

https://www.hollywoodreporter.com/thr-esq/stan-lees-daughter-sues-reclaim-his-intellectual-property-1243840. Notably, if this action were so desperately in need of adjudication, as Plaintiff repeatedly asserts throughout the Complaint, then Plaintiff would have promptly served the Complaint on POW!, whose offices are located within literal walking distance of those of Plaintiff's counsel.

Accordingly, this Court should sanction Plaintiff for filing the Complaint, which is filled with frivolous claims and demonstrably false and inflammatory accusations, in order to harass POW!.

### C. THE APPROPRIATE MEASURE OF SANCTIONS IN THIS CASE, GIVEN THE WILLFUL NATURE OF THE VIOLATIONS AND THE PLAINTIFF'S FINANCIAL STATUS, MUST BE SUBSTANTIAL.

Considering the frivolousness of the claims contained in Plaintiff's Complaint as well as the intentional harassing purpose for which it was brought, the measure of sanctions to be imposed upon the Plaintiff should be substantial.

"[T]he central purpose of Rule 11 is to deter baseless filings in district court[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *see also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc*., 498 U.S. 533, 553 (1991). The Advisory Committee notes to the 1993 amendments to Rule 11 set forth factors that may be considered in determining what sanctions to award for a violation, including, "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case [and] what amount is needed to deter similar activity by other litigants." Fed. R. Civ. P. 11, 1993 Advisory Notes. Other factors to consider are: "[w]hether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the

HAMRICK & EVANS, LLP

entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law." *Id.* Additionally, "a court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Moreover, a court is within its power to order a substantial monetary award where only such an award would deter the sanctioned party from engaging in similar conduct in the future. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995), *cert. denied*, 517 U.S. 1136 (1996).

Here, Plaintiff's intent is clear: to bring wholly frivolous claims in an effort to smear the reputation of POW! and its management. The Complaint is replete with frivolous claims and unfounded allegations, which infect the entire document from start to finish. Inexplicably, a licensed attorney certified these frivolous claims. Moreover, it is widely known that the Plaintiff, JC Lee, has recently inherited an estate that has an estimated worth between $50 and $70 million. Mike Barnes, *Stan Lee, Marvel Comics' Real-Life Superhero, Dies at 95*, The Hollywood Reporter (Nov. 12, 2018), https://www.hollywoodreporter.com/heat-vision/stan-lee-dead-marvel-comics-real-life-superhero-was-95-721450. Given Plaintiff's significant financial resources, a modest award of sanctions will do little to deter future bad acts and only a substantial award of sanctions will discourage similar subsequent conduct.

Accordingly, considering the willful conduct at play, the insidious intent of the underlying Complaint, the extraordinary degree to which the Claims are meritless despite the benefit of representation by legal counsel, and the Plaintiff's financial

HAMRICK & EVANS, LLP

status, this Court should impose a substantial measure of sanctions upon the Plaintiff and her counsel, reasonably calculated to deter Plaintiff and her counsel from filing future similarly frivolous actions.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court sanction the Plaintiff and her legal counsel pursuant to Fed. R. Civ. P. 11(b) as follows:

1. Order the dismissal of the Plaintiff's complaint in its entirety.

2. Order that the Plaintiff, her legal counsel, and the corresponding law firm of Plaintiff's counsel, are jointly and severally liable for the Defendant's attorney's fees and costs, the exact amount to be determined by separate supporting memorandum.

3. Order that the Plaintiff, her legal counsel, and the corresponding law firm of Plaintiff's counsel, are jointly and severally liable for a measure of sanctions, the exact amount of which to be determined by the Court, taking into consideration the Plaintiff's substantial financial resources and the exceptionally frivolous nature of her claims.

Respectfully submitted,

DATED:  December 3, 2019

HAMRICK & EVANS, LLP


By:  _/s/ Charles C. Rainey, Esq._
       A. RAYMOND HAMRICK, III
       CHARLES C. RAINEY
       GEORGE KNOPFLER
       Attorneys for
       POW! Entertainment, Inc.

HAMRICK & EVANS, LLP

## **RULE 11(c)(2) CERTIFICATE**

Pursuant to Rule 11(c)(2), I hereby certify that on the 11th day of November, 2019, I served by email and first class certified mail, postage prepaid, with return receipt and delivery confirmed, upon the counsel of record for Plaintiff, JOAN CELIA LEE, as Trustee for the Lee Family Survivor's Trust "A" Date October 12, 1985, a copy of the foregoing Defendant POW! Entertainment, LLC's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, together with a letter stating as follows:

> Pursuant to Fed. R. Civ. P. 11(c) (2), attached is a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions of POW! Entertainment ("Motion for Sanctions") which we are providing to you. We demand that you dismiss with prejudice your claims against POW! Entertainment, LLC within 21 days of the date of this letter. If you refuse to dismiss your claims against POW! Entertainment, LLC than we will be forced to file the attached Motion for Sanctions with the Court.

By: ___*/s/ Charles C. Rainey, Esq.*___
      Charles C. Rainey, Esq.

NOTICE OF MOTION AND DEFENDANT'S MOTION FOR SANCTIONS

HAMRICK & EVANS, LLP

# CERTIFICATE OF SERVICE

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause.  My business address is Hamrick & Evans, LLP, 2600 West Olive Avenue, Suite 1020, Burbank, California 91505.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on December 3, 2019, I caused to be served the copies of the attached:

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT POW! ENTERTAINMENT, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

on the parties in said action as follows:

☐ **BY REGULAR MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices.  Said document(s) will be deposited with United States Post Office mail box at Burbank, California, addressed to as follows:

## SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

☒ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on December 3, 2019, at Burbank, California.

*/s/ Heather Martindale*
Heather Martindale

NOTICE OF MOTION AND DEFENDANT'S MOTION FOR SANCTIONS

HAMRICK & EVANS, LLP

**SERVICE LIST**
*Joan Celia Lee v. POW! Entertainment, et al.*
*Case No. 2:19-cv-08353-ODW*

Jonathan D. Freund, Esq.                    Attorneys for Plaintiff Joan Celia Lee
FREUND LEGAL
427 N. Camden Drive                        T:  (310) 247-2165
Beverly Hills, California 90210            Email: jonathan@freundlegal.com

NOTICE OF MOTION AND DEFENDANT'S MOTION FOR SANCTIONS

HAMRICK & EVANS, LLP