# United States District Court
# Central District of California

| | |
|---|---|
| JOAN CELIA LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>POW! ENTERTAINMENT, INC., and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:19-cv-08353-ODW(FFMx)<br><br>**ORDER DENYING MOTION FOR SANCTIONS [10]** |

## I. INTRODUCTION

Defendant POW! Entertainment, Inc., ("POW") seeks to impose sanctions against Plaintiff Joan Celia Lee ("JC"). (Mot. for Sanctions ("Mot."), ECF No. 10.) POW argues that JC's amended complaint is not only frivolous, but also barred by the doctrines of res judicata and collateral estoppel. For the reasons discussed below, the Court **DENIES** POW's Motion for Sanctions ("Motion").[1] (ECF No. 10.)

## II. FACTUAL BACKGROUND

JC is the daughter and trustee for the estate of comic book author Stan Lee ("Stan Lee"). (*See* First Am. Compl. ("FAC") ¶ 1, ECF No. 18.) Stan Lee is responsible for co-creating comic book characters such as Spider-Man, X-Men, Iron

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Man, and many others. (FAC ¶ 28). POW is a corporation claiming to own the intellectual property rights to Stan Lee's comic book creations. (FAC ¶¶ 3, 38–42.)

On February 14, 2020, JC filed her amended complaint against POW. (*See* FAC.) The amended complaint seeks to enforce the terms of an agreement made in 1998 ("the 1998 Agreement") between Stan Lee and Stan Lee Entertainment, Inc. ("SLEI"). (FAC ¶¶ 10–14.) Specifically, JC contends that, under the terms of the 1998 Agreement, Stan Lee assigned full and complete title to his name, likeness, and creator rights to SLEI forever. (FAC ¶¶ 30–31.) As such, JC seeks declaratory and injunctive relief as to the ownership of Stan Lee's intellectual property, name, and likeness, and asserts a cause of action for cybersquatting in violation of 15 U.S.C. § 1125(d). (FAC ¶¶ 47–80.)

POW, in response, seeks to impose sanctions against JC on the grounds that her complaint is both frivolous and brought for an improper purpose. (Mot. 13–20.) Consequently, POW served JC notice of its motion for sanctions using e-mail and regular mail on November 11, 2019. (Mot. 2; Opp'n to Mot. ("Opp'n") 7, ECF No. 13.) On December 3, 2019, 22 days later, POW filed its motion with the Court. (Opp'n 7.)

### III. REQUEST FOR JUDICIAL NOTICE

POW requests the Court to judicially notice eighteen separate documents. (Req. for Judicial Notice, ECF No. 10-1.) "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Additionally, a document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Exhibits 1–12, 14 and 15 are orders and fillings with other state and federal courts that have a direct relation to the matters at issue here and are subject to judicial

notice. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). However, when taking judicial notice of another court's record, a court may do so only for the existence of the document and not for the truth of the facts therein. *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001); *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Exhibit 13 is a document registered with United States Patent and Trademark Office ("USPTO") and Exhibits 17 and 18 are documents filed with the Securities and Exchange Commission ("SEC"). As information from the USPTO and the SEC "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court may judicially notice the facts in those documents. Fed. R. Evid. 201(b).

Finally, Exhibit 16 is the 1998 Agreement between Stan Lee and Stan Lee Entertainment, Inc. As JC does not object or oppose to judicial notice of the contract and cites to it in her complaint, the Court judicially notices the contract.

Accordingly, the Court **GRANTS** the request for judicial notice.

### IV. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 11 outlines procedural and substantive requirements to guide whether a court should sanction an attorney. "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Under Rule 11, the party moving for sanctions must serve the motion on the opposing party pursuant to Rule 5 no less than twenty-one days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). This strictly-enforced safe harbor period allows the opposing party to withdraw or appropriately correct "the challenged paper, claim, defense, contention, or denial" without penalty. Fed. R. Civ. P. 11(c)(2); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 1986). If the opposing party fails to remediate the concern, the moving party may file the motion with the court

"describ[ing] the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Provided these procedural requirements are met, the court may sanction an attorney under Rule 11 for filing a pleading or other paper that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); Fed. R. Civ. P. 11(b)(1–4). Nonetheless, "[i]f, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

Imposing sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'r Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). As such, courts have "significant discretion" when determining whether to award sanctions. *See* Fed. R. Civ. P. 11(b), Advisory Committee Notes (1993 Amendment).

## V. DISCUSSION

POW seeks sanctions against JC because it alleges her amended complaint is: (1) frivolous; (2) made for an improper purpose; and (3) barred by the doctrines of res judicata and collateral estoppel. (Mot. 13–20.)

**A. Rule 11 Procedural Requirements**

The party seeking sanctions must satisfy the Rule 5 requirements when serving the opposing party with a motion for sanctions. Fed. R. Civ. P. 11(c)(2). Rule 5 provides several methods to effect service. For example, the moving party may serve the opposing party using "electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). Alternatively, the moving party may mail its papers to the last known address of the opposing party in which case "service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

| | |
|---|---|
| 1 | When properly served, the opposing party has twenty-one days to withdraw or correct its papers without penalty. Fed. R. Civ. P. 11(c)(2). If the moving party serves the opposing party by mail, "3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). In other words, when a party moving for sanctions serves the opposing party through mail, it must wait a total of twenty-four days before filing its motion for sanctions with the court. This was the case in *Yagman v. Garcetti*, when the district court denied the defendants' motion for sanctions for failure to strictly adhere to the twenty-four-day safe harbor after serving the opposing party by mail. No. CV 14-5963-GHK (EX), 2015 WL 13374015 (C.D. Cal. Feb. 18, 2015). There, though the defendants filed their motion for sanctions with the court on the twenty-fourth day, the court held that "doing so was premature because the safe harbor did not expire until the end of the day." *Id*. at *5. Thus, when a moving party gives notice by mail to its opposition that it intends to seek sanctions, it must wait until the twenty-fifth day before filing its motion with the court. *See also Holgate*, 425 F.3d at 678 (affirming sanctions when plaintiff's attorney was given more than twenty-one days to address the deficiencies in its claim.). |

POW served its motion for sanctions on JC using two methods: e-mail and regular mail. However, POW offers no record that JC consented in writing to receive service via electronic means, such as e-mail. Consequently, POW's e-mail service is not considered a valid form of service. Fed. R. Civ. P. 5(b)(2)(E).

As for POW's service by mail, POW failed to abide by the twenty-four-day safe harbor period. POW served JC its motion for sanctions on November 11, 2019. Since service was done by mail, three additional days must be added to the twenty-one-day safe harbor period, totaling twenty-four days. Thus, the earliest POW could file its motion for sanctions with the Court would be December 6, 2019, after the full twenty-four-day safe harbor period concluded. *Yagman,* 2015 WL 13374015 at *5. Here, however, POW filed its motion with the Court on December 3, 2019, only twenty-two days after service was completed. POW, therefore, failed to add the additional three

days for service by mail, as required by Rule 6(d). As the safe harbor provision is strictly enforced, the Court **DENIES** the motion for sanctions on this basis and declines to analyze the substantive requirements.

**B.    Attorney's Fees**

Next, JC requests attorney's fees and costs for defending POW's motion for sanctions. (Opp'n 23–24.) "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). However, Rule 11 "provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party." *U.S. ex rel. Leno v. Summit Const. Co.*, 892 F.2d 788, 791 n.4 (9th Cir. 1989); *see* Fed. R. Civ. P. 11(b), Advisory Committee Notes (1993 Amendment) ("[T]he purpose of Rule 11 sanctions is to deter rather than to compensate . . . .")

Here, an award of attorneys' fees to JC would contravene the intended purpose of Rule 11. Such an award would provide fee shifting and compensation, rather than deter and punish bad behavior. Although JC is the prevailing party on a procedural technicality, she fails to demonstrate how POW's motion for sanctions lacks legal reasoning or factual basis. Accordingly, the Court declines to exercise its discretion and **DENIES** JC's request to file a motion for attorney's fees.

## VI.    CONCLUSION

For the reasons discussed above, the Court **DENIES** POW's Motion for Sanctions. (ECF No. 10.)

**IT IS SO ORDERED**

March 18, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**