A. Raymond Hamrick, III (State Bar No. 93821)
aray@hamricklaw.com
George Knopfler (State Bar No. 094041)
gknopfler@hamricklaw.com
Charles C. Rainey (State Bar No. 140404)
crainey@hamricklaw.com
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for Defendant
POW! ENTERTAINMENT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN CELIA LEE, as Trustee for the Lee Family Survivor's Trust "A" Date October 12, 1985, | Case No.: 2:19-cv-08353 ODW (FFMx) |
| Plaintiff, | **DEFENDANT'S  NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES** |
| v. | |
| POW! ENTERTAINMENT, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, in their individual and official capacities, | Hon. Otis D. Wright, II |
| Defendants. | Hearing Date:   August 24, 2020<br>Time:              1:30 p.m.<br>Courtroom:      5-D |
| | *[Filed concurrently with Declaration of A. Raymond Hamrick, III, in Support]* |

### TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 24, 2020, at 1:30 p.m., or as soon thereafter as the matter can be heard, in courtroom 5-D of the United States District Court, Central District of California, located at 255 E. Temple St., Los Angeles, California 90012, the Honorable Otis D. Wright, II, presiding, Defendant POW!

HAMRICK & EVANS, LLP

1  Entertainment, Inc. ("POW!" or "Defendant"), will, and hereby does, move this

2  Court for an order awarding POW! its attorney's fees and costs against Plaintiff Joan

3  Celia Lee ("Plaintiff").

4      This Motion for Attorney's Fees ("Motion") is brought pursuant Federal

5  Rules of Civil Procedure, Rule 11, this Court's Order issued June 25, 2020, granting

6  Defendant's Motion for Sanctions (ECF No. 46), and its inherent equitable power.

7      This Motion is further based on the attached Memorandum of Points and

8  Authorities, the Declaration of A. Raymond Hamrick, III, filed in support and all

9  exhibits thereto, which are collectively filed and served concurrently herewith, on

10 all matters of which this Court may or shall take judicial notice, on all pleadings and

11 papers which have been filed with the Court in this matter, and on such argument

12 and evidence as may be presented at the hearing on this Motion.

13 DATED:   July 22, 2020                    HAMRICK & EVANS, LLP

14                                    By: _____

15                                        A. RAYMOND HAMRICK, III
                                          GEORGE KNOPFLER
16                                        CHARLES C. RAINEY
                                          Attorneys for Defendant
17                                        POW! ENTERTAINMENT, INC.

18

19

20

21

22

23

24

25

26

27

28

HAMRICK & EVANS, LLP

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES**

## **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT .............................1

II.   PROCEDURAL OVERVIEW .........................................................1

III.  LEGAL AUTHORITY................................................................2

IV.   DISCUSSION.........................................................................3

    A.   Attorney's Fees Are to Be Awarded Pursuant to the Loadstar
        Formula. ..........................................................................3

    B.   Hamrick & Evans' Hourly Rates Are Reasonable and Consistent
        with Rates in the Relevant Community. ................................5

    C.   The Number of Hours Spent by POW!'s Counsel were
        Reasonable. ......................................................................7

    D.   POW! is Also Entitled to Recover Attorney's Fees And Costs for
        Time Expended on Preparing this Motion for Attorney's Fees...........8

V.    CONCLUSION ........................................................................10

HAMRICK & EVANS, LLP

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aguirre v. Los Angeles Unified Sch. Dist.*,
    461 F.3d 1114 (9th Cir. 2006) ...................................................................... 5

*Ashendorf & Assocs. v. SMI–Hyundai Corp.*,
    2011 WL 3021533 (C.D. Cal. 2011) ............................................................. 6

*Bademyan v. Receivable Management Services Corp.*,
    No. CV 08–00519 MMM (RZx), 2009 WL 605789 (C.D. Cal., Mar. 9, 2009) ...... 3

*Banas v. Volcano Corp.*,
    47 F.Supp.3d 957 (N.D. Cal. 2014) ............................................................... 6

*Barjon v. Dalton*,
    132 F.3d 496 (9th Cir. 1997) ........................................................................ 5

*Blum v. Stenson*,
    465 U.S. 886, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984) ............................ 4, 5

*Cabrales v. County of Los Angeles*,
    864 F.2d 1454 (9th Cir.1988) ................................................................ 4, 6, 7

*Camacho v. Bridgeport Financial, Inc.*,
    523 F.3d 973 (9th Cir. 2008) ..................................................................... 5, 9

*Chambers v. Masco, Inc.*,
    501 U.S. 32−46, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991) ........................ 2, 3

*Children's Hosp. & Med. Ctr. v. Bonta*,
    97 Cal.App.4th 740 (2010) ........................................................................... 6

*China Healthways Inst., Inc. v. Hsin Ten Enter. USA, Inc.*,
    No. CV 02-5493-LGB (JWJx), 2003 WL 21982477 (C.D. Cal. Mar. 12, 2003) ... 2

*Crawford v. Astrue,*

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES**

HAMRICK & EVANS, LLP

586 F.3d 1142 (9th Cir. 2009) .................................................................... 4

*Dubose v. County of Los Angeles*,

2012 WL 2135293 (C.D. Cal. June 11, 2012) ........................................... 8

*Eksouzian v. Albanese*, CV 13–728 PSG (AJWx),

2015 WL 12765585 (C.D. Cal. Oct. 23, 2015) ......................................... 6

*EMI Sun Vill., Inc. v. Catledge*,

779 F. App'x 627 (11th Cir. 2019) ........................................................... 2

*Fink v. Gomez,*

239 F.3d 989 (9th Cir. 2001) .................................................................... 3

*Gates v. Deukmejian,*

987 F.2d 1392 (9th Cir.1992) ............................................................... 4, 5

*Gonzalez v. City of Maywood*,

729 F.3d 1196 (9th Cir. 2013) .................................................................. 5

*Haitian Refugee Center v. Meese,*

791 F.2d 1489 (11th Cir. 1986) ................................................................ 8

*Hall v. Cole,*

412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973) .................................. 2

*Hensley v. Eckerhart,*

461 U.S. 424 ............................................................................. 3, 4, 5, 8

*In re Itel Securities Litigation,*

791 F.2d 672 (9th Cir.1986) ..................................................................... 3

*In re Nucorp Energy, Inc.*,

764 F.2d 655 ............................................................................................ 9

*In re S. California Sunbelt Developers, Inc.*,

608 F.3d 456 (9th Cir. 2010) .................................................................... 9

*Ingram v. Oroudjian*,

647 F.3d 925 (9th Cir. 2011) .................................................................... 6

-iii-

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES**

HAMRICK & EVANS, LLP

*Jordan v. Multnomah County,*

   815 F.2d 1258 (9th Cir. 1987) ................................................................. 8

*Kerr v. Screen Extras Guild,*

   526 F.2d 67 (9th Cir.1975) ...................................................................... 4

*Morales v. City of San Rafael,*

   96 F.3d 359 (9th Cir.1996) ...................................................................... 3

*Moreno v. City of Sacramento,*

   534 F.3d 1106 (9th Cir. 2008) ................................................................. 7

*Nadarajah v. Holder*,

   569 F.3d 906 (9th Cir. 2009) ................................................................... 5

*Perdue v. Kenny A. ex rel. Winn,*

   559 U.S. 542, 130 S. Ct. 1662, 176 L.Ed.2d 494 (2010) ........................ 4

*Perkins v. Mobile Housing Board,*

   847 F.2d 735 (11th Cir. 1988) ................................................................. 8

*Retta v. Millennium Products, Inc.*,

   2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) ........................................ 7

*Roadway Express, Inc. v. Piper,*

   447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) ........................... 2

*Rosenfeld v. S. Pac. Co.,*

   519 F.2d 527 (9th Cir. 1975) ................................................................... 8

*Rouse v. Law Offices of Rory Clark,*

   603 F.3d 699 (9th Cir. 2010) ................................................................... 3

*Student Public Int. Research Group of N.J., Inc. v. AT&T Bell Labs.,*

   842 F.2d 1436 (3d Cir. 1988) .................................................................. 5

*United Steelworkers of Am. v. Phelps Dodge Corp.,*

   896 F.2d 403 (9th Cir. 1990) ................................................................... 5

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES**

1

HAMRICK & EVANS, LLP

2 *Villano v. City of Boynton Beach,*

3    254 F.3d 1302 (11th Cir.2001) ..................................................................4

4 **Federal Statutes**

5

6 15 *U.S.C. § 1125(d)* ......................................................................................1

7 **Federal Rules**

8 *Fed. R. Civ. P.* 11 ....................................................................................1, 2

9 *Fed. R. Civ. P.* 11(c)(2) .............................................................................2

10 *Fed R. Civ. P.* 11(c)(4) .............................................................................2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES**

HAMRICK & EVANS, LLP

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

On June 25, 2020, this Court issued its Order (ECF No. 46) granting Defendant POW! Entertainment, Inc.'s ("POW!" or "Defendant") Motion to Dismiss, with prejudice, the First Amended Complaint filed in this matter on behalf of Plaintiff Joan Celia Lee ("JC Lee" or "Plaintiff") (ECF No. 20, Mot. to Dismiss). The Court further granted POW!'s Motion for Sanctions against Plaintiff and her attorneys (ECF No. 35, Mot. for Sanctions).

In granting POW!'s Motion for Sanctions, the Court expressly ruled that "POW may file a motion for attorney's fees for its fees expended in bringing the second motion for sanctions no later than July 22, 2020." (ECF No. 46, pg. 19; bold emphasis omitted). Accordingly, and for the reasons more fully discussed herein, POW! respectfully requests that this Court issue an Order awarding Defendant its attorney's fees and related expenses in the sum of $29,055.00.

## **II.    PROCEDURAL OVERVIEW**

The history of this litigation is discussed at length in this Court's applicable Order. (ECF No. 46). By way of overview, on February 14, 2020, JC Lee filed a First Amended Complaint ("FAC") against POW!, seeking to enforce the terms of an agreement made in 1998 (the "1998 Agreement") between her late father, Stan Lee, and Stan Lee Entertainment, Inc. ("SLEI"). Specifically, Plaintiff claimed that, under the terms of the 1998 Agreement, Stan Lee had assigned full and complete title to his name, likeness, and creator rights to SLEI in perpetuity. The FAC sought declaratory and injunctive relief that SLEI owned the rights to Stan Lee's intellectual property, name, and likeness, and asserted a cause of action against POW! for cybersquatting in violation of 15 U.S.C. § 1125(d).

In response, POW! filed a Motion to Dismiss the FAC on the grounds that Plaintiff's claims were barred by res judicata, collateral estoppel and the statute of limitations (ECF No. 20). POW! also filed a Motion for Rule 11 Sanctions,

-1-

1   requesting sanctions against JC Lee on the grounds that her claims asserted in the
2   FAC were frivolous and brought for an improper purpose. (ECF No. 35).

3       This Court granted both POW!'s Motion to Dismiss and Motion for
4   Sanctions, dismissing the FAC with prejudice because all of Plaintiff's claims were
5   barred by res judicata. (ECF No. 46). And because the Court determined that
6   Plaintiff's FAC was "factually and legally baseless and filed without a reasonable
7   and competent inquiry," it granted POW!s Motion for Sanctions on the grounds that
8   "the filing is frivolous" and brought "for an improper purpose." *Id.*

9   **III.   LEGAL AUTHORITY**

10      Pursuant to Fed. R. Civ. P. 11(c)(2), a Court "may award to the prevailing
11  party the reasonable expenses, including attorney's fees, incurred" in connection
12  with a violation of Rule 11. *China Healthways Inst., Inc. v. Hsin Ten Enter. USA,*
13  *Inc.*, No. CV 02-5493-LGB (JWJx), 2003 WL 21982477, at *14 (C.D. Cal. Mar. 12,
14  2003); *EMI Sun Vill., Inc. v. Catledge*, 779 F. App'x 627, 632 (11th Cir. 2019)
15  (affirming an award of attorney's fees in addition to monetary sanctions against the
16  law firm raising objectively frivolous claims). Moreover, under Fed. R. Civ. P.
17  11(c)(4), a sanction under Rule 11 may include an order "directing payment to the
18  movant of part or all of the reasonable attorney's fees and other expenses directly
19  resulting from the violation."

20      In addition, "Federal courts, in the exercise of their equitable powers, may
21  award attorneys' fees when the interests of justice so require." *Hall v. Cole,* 412
22  U.S. 1, 4-5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *Roadway Express, Inc. v. Piper,*
23  447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (noting that there are
24  "narrowly defined circumstances [in which] federal courts have inherent power to
25  assess attorneys' fees against counsel"). Attorney's fees are appropriate where a
26  party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."
27  *Chambers v. Masco, Inc.,* 501 U.S. 32, 45−46, 111 S. Ct. 2123, 115 L.Ed.2d 27
28  (1991).

HAMRICK & EVANS, LLP

Imposition of sanctions under the Court's inherent power serves a dual purpose: first, to vindicate judicial authority; and second, to make the prevailing party whole for expenses caused by its opponent's obstinacy. *Id.* at 46. Sanctions are available if the Court "specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir. 2001); *In re Itel Securities Litigation,* 791 F.2d 672, 675 (9th Cir.1986) ("For purposes of imposing sanctions under the inherent power of the Court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.' [citation.]").

## IV.   DISCUSSION

### A.   Attorney's Fees Are to Be Awarded Pursuant to the Loadstar Formula.

The Supreme Court has adopted a two-pronged approach to the calculation of reasonable attorney's fees under any statute that permits recovery of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S. Ct. 193 ("The standards set forth in this [§ 1988] opinion are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party"). "Once a party has established that it is entitled to an award of attorneys' fees, '[i]t remains for the district court to determine what fee is reasonable.'" *Bademyan v. Receivable Management Services Corp.,* No. CV 08–00519 MMM (RZx), 2009 WL 605789, at *4 (C.D. Cal., Mar. 9, 2009) (citing *Hensley,* 461 U.S. at 433).

The "lodestar method" is "the fundamental starting point in determining a 'reasonable attorney's fee.'" *Rouse v. Law Offices of Rory Clark,* 603 F.3d 699, 704 (9th Cir. 2010). To calculate the lodestar, a District Court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996). The party seeking fees bears the burden of documenting the hours expended in the

-3-

HAMRICK & EVANS, LLP

litigation and must submit evidence supporting those hours and the rates claimed. *See Hensley,* 461 U.S. at 433.

Although District Courts are provided great deference in determining the reasonable hourly rate and total number of hours, they must clearly and concisely explain any adjustments to an attorney's fee request. *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir.1992). Once calculated, the lodestar figure is presumed reasonable. *Crawford v. Astrue,* 586 F.3d 1142, 1149 (9th Cir. 2009); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S. Ct. 1662, 1673, 176 L.Ed.2d 494 (2010) (holding that "there is a 'strong presumption' that the lodestar figure is reasonable").

District Courts can also adjust the lodestar amount to accurately reflect a reasonable fee by looking at the twelve factors discussed in *Kerr v. Screen Extras Guild,* 526 F.2d 67, 70 (9th Cir.1975).[1] Some of the *Kerr* factors—such as the experience of counsel, the quality of representation, the novelty or complexity of the issues, and the results obtained—are subsumed into the initial lodestar calculation. *Blum v. Stenson,* 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984). These factors can be accounted for in either the reasonable rate component or the reasonable hour component of the lodestar calculation. *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1464 (9th Cir.1988). In determining the appropriate award of attorney's fees, however, "the most critical factor is the degree of success obtained." *Villano v. City of Boynton Beach,* 254 F.3d 1302, 1305 (11th Cir.2001)

---

[1] Those factors include "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases."

-4-

HAMRICK & EVANS, LLP

quoting *Hensley,* 461 U.S. at 436; *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1118 (9th Cir. 2006) ("the level of a [party's] success is relevant to the amount of fees to be awarded").

**B.   Hamrick & Evans' Hourly Rates Are Reasonable and Consistent with Rates in the Relevant Community.**

In awarding attorney's fees, a District Court must look to the prevailing market rates in the relevant legal community. *Blum v. Stenson,* 465 U.S. at 895; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community").

Generally, Courts utilize the rates of attorneys practicing in the forum where the District Court is located. *Gates v. Deukmejian*, 987 F.2d at 1405; *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *See also Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (stating "the relevant community is the forum in which the district court sits").

Affidavits or declarations of the moving party's attorney and other attorneys "regarding prevailing fees in the community, and rate determinations in other cases…are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Courts may also rely on decisions by other Courts awarding similar rates for work performed in the same geographical area by attorneys with comparable levels of experience. *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009); *See also, Student Public Int. Research Group of N.J., Inc. v. AT&T Bell Labs.*, 842 F.2d 1436, 1445 (3d Cir. 1988) ("[I]n most cases, [t]he lawyers' actual billing rates reflect market rates—they provide an efficient and fair short cut for determining the market rate").

Moreover, a reasonable rate should reflect not only the market rates, but the skill and experience of the prevailing party's counsel as well. *Blum v. Stenson,* 465 U.S. at 898–899.  When determining a proper hourly rate, the Court may consider:

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

"(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *Cabrales v. County of Los Angeles*, 864 F.2d at 1464 (citation omitted); *Children's Hosp. & Med. Ctr. v. Bonta,* 97 Cal.App.4th 740, 783 (2010) (Courts consider whether "the hourly rates…are within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work"). Finally, "it is appropriate for the district court to rely on its own familiarity with the legal market when assessing the reasonableness of hourly rates claimed in fees motions." *Banas v. Volcano Corp.*, 47 F.Supp.3d 957, 966 (N.D. Cal. 2014) (*citing Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

As reflected in the itemized invoices of Hamrick & Evans, all time incurred by POW! in connection with the preparation and prosecution of POW!'s Second Motion for Rule 11Sanctions was incurred at the rate of $725.00 per hour for Senior Partner time, $600.00 per hour for Partner time and $525.00 an hour for Associate time. Declaration of A. Raymond Hamrick, III ("Hamrick Decl."), ¶¶ 6, 9, 12, 15, 18, 21; Exh. "A" (Hamrick & Evans, LLP's Invoice for Professional Services). These rates are clearly reasonable and comparable with other rates awarded by Courts in this District for similar complex litigated matters. *See, e.g.*, *Maughan v. Google Technology, Inc.*, l43 Cal.App.4th 1242, 1249 (2006) (hourly rates of $500.00 for a partner and $350.00 for a senior associate who worked on a Los Angeles County Superior Court lawsuit for defamation and unfair business practices held reasonable); *Ashendorf & Assocs. v. SMI–Hyundai Corp.*, CV 11–02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. 2011) (concluding that rates of $725.00 per hour for a senior partner, $625.00 per hour for a partner, $525.00 per hour for a senior associate, and $270.00 per hour for a paralegal were reasonable, considering "the Court's familiarity with the prevailing market rates in the Central District of California, the skill and experience of counsel, and the quality of representation…."); *Eksouzian v. Albanese*, CV 13–728 PSG (AJWx), 2015 WL

HAMRICK & EVANS, LLP

12765585, at *3–4 (C.D. Cal. Oct. 23, 2015) (concluding that a rate of $475.00 per hour was reasonable in a case involving claims of trademark and copyright infringement).

In *Retta v. Millennium Products, Inc.*, CV15–1801 PSG (AJWx), CV16–3780 PSG (AJWx), 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) (*Retta*), the District Court consulted the *2016 Real Rate Report: Lawyer Rates, Trends, and Analysis* ("Real Rate Report") to assess the reasonableness of attorney hourly rates in the Central District of California, noting that "Courts have found that the Real Rate Report is 'a much better reflection of true market rates than self-reported rates in all practice areas.' [citation]." *Id.* at *12. For example, according to the 2016 Real Rate Report, "the median rate for partners generally in Los Angeles with 21 or more years of experience is $645, the median rate for partners with fewer than 21 years of experience is $540, and the median rate for associates with more than 7 years of experience is $423. [citation.] All paralegals in Los Angeles earn a mean real rate of $227. [citation.]." *Id.*[2]

To be sure, the hourly rates charged by POW!'s counsel in this matter are well within the current reasonable and customary rates charged by attorneys practicing in the Southern California area (particularly for this type of complex entertainment litigation) and in the Central District, and the subject fees were all reasonable and necessary. Hamrick Decl., ¶¶ 5−19.

## C.    The Number of Hours Spent by POW!'s Counsel Were Reasonable.

An attorney fee award should include compensation for all hours reasonably related to prosecuting the matter. *Retta,* 2017 WL 5479637, at *12; *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be

---

[2]    The 2018 Real Rate Report is the most recent edition of that publication. While Defendant has not purchased a copy of this edition (at $500.00) to confirm the current rates, it is likely those average rates have substantially increased.

compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client"); *See also Perkins v. Mobile Housing Board,* 847 F.2d 735, 738 (11th Cir. 1988) (attorney hours sworn to in a declaration are "evidence of considerable weight on the issue of the time required in the usual case" and should not be reduced unless "the time claimed is obviously and convincingly excessive under the circumstances").

Counsel are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. at 437, n.12; *See also Dubose v. County of Los Angeles*, 2012 WL 2135293, at *5 (C.D. Cal. June 11, 2012) (holding that a time entry is not considered too vague if it "identif[ies] the general subject matter of [counsel's] time expenditures") (internal quotation marks omitted).

As set forth in the Declaration of A. Raymond Hamrick, III, the attorneys who worked on POW!'s Second Motion for Sanctions spent a total of 32.50 hours in connection with that Motion. Hamrick Decl., ¶ ¶¶ 7, 10, 16, 19, 20, 21; Exh. "A." The hours were reasonable and necessary and not excessive given the nature and history of this contentious and frivolous litigation. *Id.*

**D.    POW! is Also Entitled to Recover Attorney's Fees And Costs for Time Expended on Preparing this Motion for Attorney's Fees.**

Finally, an award of attorney's fees to a prevailing party is also appropriate for the time expended in pursuing a motion to recover those fees. *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1500-1501 (11th Cir. 1986). The Ninth Circuit allows the recovery of attorney's fees for time spent preparing and filing a motion for attorney's fees and costs. *Jordan v. Multnomah County,* 815 F.2d 1258, 1264 (9th Cir. 1987); *Rosenfeld v. S. Pac. Co.,* 519 F.2d 527, 530 (9th Cir. 1975) (allowing compensation for services rendered solely to obtain the allowance of attorney's fees). It is well established that time spent on a motion to recover attorney's fees be included in the fee award because "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably

-8-
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

HAMRICK & EVANS, LLP

1   spent in establishing their rightful claim to the fee." *Camacho v. Bridgeport Fin.,*
2   *Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (overturning district court's refusal to
3   consider fees incurred in a fee application); *See also In re Nucorp Energy, Inc.*, 764
4   F.2d 655, 659−660 (9th Cir. 1985) ("federal courts, including our own, have
5   uniformly held that time spent in establishing the entitlement to and amount of the
6   fee is compensable"); *In re S. California Sunbelt Developers, Inc.*, 608 F.3d 456,
7   463 (9th Cir. 2010) (same).

8        As set forth in the Declaration of A. Raymond Hamrick, III, the attorneys
9   who worked on POW!'s Motion for Award of Attorney's Fees spent a total of 28.10
10  hours in connection with that Motion, in addition to reviewing a Motion for
11  Reconsideration, which were all reasonable and necessary. Hamrick Decl., ¶¶ 7, 13,
12  16, 20, 21; Exh. "A." Any additional time expended preparing a Reply Brief to any
13  opposition to the Motion for Award of Attorney's Fees or attending any hearing that
14  the Court should decide to schedule will be submitted when the work of counsel is
15  completed. After completion of briefing and oral argument, Defendant's counsel
16  requests leave of this Court to submit a Supplemental Declaration supporting any
17  additional attorney fees and costs incurred. *Id.*, ¶ 23.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

HAMRICK & EVANS, LLP

-9-
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

**V.    CONCLUSION**

Based on the foregoing, POW! is entitled to an award of attorney's fees against Plaintiff and her attorneys, jointly and severally, and respectfully requests that it be awarded the total sum of $29,055.00, against Plaintiff and her attorneys, jointly and severally, which represents the reasonable and necessary attorney's fees POW! incurred in connection with its Second Motion for Sanctions and this Motion for Award of Attorney's Fees. Hamrick Decl., ¶ 22.

Respectfully submitted,

DATED: July 22, 2020          HAMRICK & EVANS, LLP

By: _____
A. RAYMOND HAMRICK, III
GEORGE KNOPFLER
CHARLES C. RAINEY
Attorneys for Defendant
POW! ENTERTAINMENT, INC.