**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOAN CELIA LEE; FREUND LEGAL LLP; JONATHAN FREUND, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> POW ENTERTAINMENT, INC., <br><br> Defendant - Appellee. | No.  20-55928 <br><br> D.C. No. 2:19-cv-08353-ODW-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted November 15, 2021
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and ANTOON,[**] District Judge.

Appellants Joan Celia Lee (Lee) and her trial counsel, Jonathan D. Freund and Freund Legal LLP (collectively, Freund), appeal the dismissal of her claims under the doctrine of *res judicata* and imposition of sanctions under Federal Rule

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon, II, Sr., United States District Judge for the Middle District of Florida, sitting by designation.

of Civil Procedure 11 (Rule 11). Lee sought declaratory judgments and injunctive relief against Appellee POW! Entertainment, Inc. (POW) concerning the name and likeness of her famous late father, comic book artist Stan Lee. The district court dismissed Lee's claims because prior cases had deemed an assignment agreement (the SLE Agreement) between Stan Lee and his eponymous company, Stan Lee Entertainment, Inc. (SLE), unenforceable. The district court also sanctioned Lee $1 million and adjudged Freund jointly and severally liable for 25 percent of the sanction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

**1.** We agree with the district court that Lee's claims are barred by *res judicata*. *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019) (stating that *res judicata* applies where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.").

Lee's amended complaint depends on the enforceability of the SLE Agreement which was previously found to be unenforceable. *See Abadin v. Marvel Entertainment, Inc.* No. 09-cv-0715-PAC, 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010); *see also Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 456 (S.D.N.Y. 2011); *Stan Lee Media Inc. v. Lee*, No. 07-cv-00225-SVW, 2012 WL

4048871, at *1–7 (C.D. Cal. Aug. 23, 2012); *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-cv-2663-WJM-KMT, 2013 WL 4776026, at *4 (D. Colo. Sept. 5, 2013), *aff'd*, 774 F.3d 1292 (10th Cir. 2014), all of which are final judgments.

Privity between parties is also present. "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotation marks omitted). Lee describes herself as a "successor in interest" and "assignor and grantor of all rights and obligations relating to the October 15, 1998 transfer of title agreement to Stan Lee's name and likeness and creator rights." *Res judicata* bars her claims as successor in interest or assignee under that agreement. *See In re Lindsay*, 59 F.3d 942, 952 (9th Cir. 1995) ("Res judicata bars the claims of the successors in interest.").

**2.** Although we affirm the dismissal of Lee's claims as barred by *res judicata*, the district court abused its discretion when it imposed sanctions on Lee and Freund. *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010) (internal citation omitted) (noting that a district court abuses its discretion when it "applies the incorrect legal standard or bases its ruling 'on a clearly erroneous assessment of the evidence.'").

Rule 11 sanctions are reserved for the "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Because awarding sanctions is "an extraordinary remedy," *id.* at 1345, it is best reserved for the most egregious cases–for example, when a case involves repeat litigants. *See, e.g., Roundtree v. United States*, 40 F.3d 1036 (9th Cir. 1994); *Buster v. Greisen*, 104 F.3d 1186 (9th Cir. 1997).

This record does not support a finding that Lee's filing was clearly frivolous, legally unreasonable, or brought for an improper purpose. Lee was not a party to the *Abadin* litigation.[2] *See Abadin*, 2010 WL 1257519 at *1. Nor was she a party to any of the subsequent litigation regarding enforceability of the SLE Agreement. *See Marvel Enterprises*, 765 F. Supp. 2d 440 at 456; *Stan Lee Media Inc.*, 2012 WL 4048871 at *1–7; *Walt Disney Co.*, 2013 WL 4776026, at *4. Although we conclude that Lee was in privity with SLE, the privity had not been litigated previously, and there are at least some allegations in the complaint–although they are not pleaded distinctly enough to establish a plausible claim–which suggest an attempt to establish a claim independent of any connection to SLE.

---

[2] The record does not suggest that Lee had an interest in Stan Lee Media, Inc. during any period relevant to the decision in *Abadin* or any of the other cases.

Finally, we do not agree that Lee filed this action for an improper purpose. The existence of a single article reporting the filing of the action was insufficient evidence of "fuel[ing] the media fire." *Cf. Irvin v. Dowd*, 366 U.S. 717, 725 (1961) (describing the "unleash[ing]" of "a barrage of newspaper headlines, articles, cartoons and pictures" against a defendant). Therefore, we AFFIRM the district court's dismissal of this action as barred by *res judicata* and REVERSE the imposition of sanctions.

**AFFIRMED IN PART AND REVERSED IN PART.[3]**

---

[3] Because we reverse the award of sanctions, we do not address the sanctions amount, or whether POW satisfied the safe harbor provisions of Rule 11.